**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

AARON FLEMONS                                                    PLAINTIFF
ADC # 119749

v.                                    2:25CV00167-BSM-JTK

HATCHETT, et al.                                                DEFENDANTS

**ORDER**

Aaron Flemons ("Plaintiff") has filed a third Motion to Compel.    (Doc. No. 89).

Plaintiff's Motion (Doc. No. 89) is GRANTED in part and DENIED in part as explained below.

Plaintiff says he served the discovery requests at issue on March 5, 2026.    (Doc. No. 90

at 1).    He complains that Defendant Palmer's responses, which Plaintiff received on April 9,

2026, were untimely.    (Id.).    The certificate of service on Defendant Palmer's response is dated

April 3, 2026.    (Doc. No. 91 at 8).    As such, the responses were timely.    Any relief Plaintiff

seeks based on the timing of Defendant Palmer's responses is denied.

Request for Production No. 1: Plaintiff sought the "infection control manual," but

Defendant Palmer produced only the "infection control program."    (Doc. No. 90 at 3).

Plaintiff's Motion as to RFP No. 1 is granted to the extent a written "infection control program"

exists.    If such a document exists, Defendant Palmer is directed to produce it.    If not, Defendant

Palmer should explain so in his response.

Request for Production No. 2:    Plaintiff sought the policy or policies that contain the

following language: "Per policy, you may not pick/choose which provider you see" (from

grievance EAM-25-00602), "per policy necessary clinical encounters will not take place cell-side

but will be conducted in an appropriate clinical setting" (from grievance EAM-23-01652), and

"you don't get to pick and choose who you see" (from grievance EAM-23-01652).    Defendant Palmer says he already produced the responsive policies.    Plaintiff's Motion as to RFP No. 2 is denied.    But the Court directs Defendant Palmer to provide Bates Numbers to Plaintiff for the pages specifically corresponding to the language Plaintiff quoted.    If no policy contains language to that extent, Defendant Palmer should say so in his response.

Request for Production No. 3:    Plaintiff asks Defendant Palmer, who is not an Arkansas Division of Correction ("ADC") employee, for "the ADC employee conduct policy and procedure."    Defendant Palmer said ADC employee conduct operating policy and procedures are not in his possession or control.    (Doc. No. 92 at 2).    Plaintiff's Motion is denied as to RFP No. 3.

Interrogatories No. 1 & 2:    Plaintiff seeks the names of staff who scheduled appointments on certain dates.    Defendant Palmer says there is no way to determine who scheduled an appointment, as appointments are scheduled by the staff member who receives the request.    (Id.).    Plaintiff's Motion is denied as to Interrogatories No. 1 & 2.

Interrogatory No. 4:    Plaintiff tried to ascertain whether Defendant Palmer "is medically licensed."    (Doc. No. 90 at 6).    Defendant Palmer provided his job title, which was not a fully inappropriate answer considering the wording of Plaintiff's request.    (Doc. No. 92 at 2).    Regardless, Plaintiff's Motion is granted as to this request.    If Defendant Palmer is licensed as an RN, APRN, LPN, or otherwise, he should provide that information.    If Defendant Palmer has no such license, he should say so in his response.

Interrogatory No. 6 and Request for Production No. 6:    Plaintiff seeks to know whether Defendant Palmer has "knowledge of a policy, procedure, requirement, recommendation or instructions that provide for a skin scraping in dealing with skin infections / infestations."    (Doc. No. 90 at 6).    RFP No. 6 seeks documents related to Interrogatory No. 6.    Defendant Palmer

says he is unaware of any such policy and procedure.   (Doc. No. 92 at 2).   Plaintiff's Motion is denied as to Interrogatory No. 6 and RFP No. 6.

Request for Production No. 5:   Plaintiff sought incident reports and notes in addition to other material.   Plaintiff complains that there are no incident reports or notes in his medical or grievance file.   Defendant Palmer said the material sought that was made by medical staff is available for viewing, and no documents have been withheld on the basis of privilege.   (Id.). Accordingly, Plaintiff's Motion is denied as to RFP No. 5.

Request for Production No. 8: Plaintiff sought various video footage.   (Doc. No. 90 at 9; Doc. No. 53 at 6).   Plaintiff appears to believe because video footage was mentioned in grievance responses or even reviewed by Defendant Palmer (Doc. No. 91 at 38, 39), the video is in Defendants' possession or control.   Defendants say they do not have possession or control over the requested video.   (Doc. No. 55 at 2).   Plaintiff's Motion is denied as to this request.

In conclusion, Plaintif's Motion is DENIED as to:

- RFP No. 2 -- But the Court directs Defendant Palmer to provide Bates Numbers to Plaintiff for the pages specifically corresponding to the language Plaintiff quoted. If no policy contains language to that extent, Defendant Palmer should say so in his response.

- RFP No. 3

- Interrogatories No. 1 & 2

- Interrogatory No. 6 and RFP No. 6

- RFP No. 5

- RFP No. 8

Plaintiff's Motion is GRANTED as to RFP No. 1 and Interrogatory No. 4.

3

IT IS SO ORDERED this 18th day of May, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE